**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jean Milke, | No. CV 98-0060-PHX-RCB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| Dora B. Schriro, et al., | **ORDER RE:**<br>**CERTIFICATE OF APPEALABILITY** |
| Respondents. | |

The Court has denied Petitioner Debra Jean Milke's petition for a writ of habeas corpus. In the event Petitioner appeals from this Court's judgment, in the interests of conserving scarce Criminal Justice Act funds that might be consumed drafting an application for a certificate of appealability to this Court, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the

issues were "adequate to deserve encouragment to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could debate its resolution of the issues set forth in Claims I, III, IV(A) and IV(G). The Court therefore grants a certificate of appealability as to these issues. For the reasons stated in the Court's Memorandum of Decision and Order filed November 28, 2006, as well as the Order regarding the procedural status of Petitioner's claims filed on July 7, 2000 (Dkt. 47), the Court declines to issue a certificate of appealability for Petitioner's remaining claims and procedural issues.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Court grants a Certificate of Appealability as to the following issues:

Whether Claim I, alleging that the interrogation tactics of Detective Saldate violated Petitioner's rights against self-incrimination, to due process, a fair trial, and a just sentencing determination, fails on the merits;

Whether Claim III, alleging that Petitioner's rights to due process and a fair trial were violated by the trial court's erroneous strike of a potential juror, fails on the merits;

Whether Claim IV(A), alleging that Petitioner's right to effective assistance of counsel was violated by trial counsel's failure to perform an adequate investigation, fails on the merits; and

Whether Claim IV(G), alleging that Petitioner's right to effective assistance of counsel at sentencing was violated by trial counsel's failure to investigate and present mitigating evidence, fails on the merits.

Dated this 30th day of November, 2006.

Robert C. Broomfield
Senior United States District Judge