WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Jean Milke, ) | CV-98-0060-PHX-RCB |
| Petitioner, ) | DEATH PENALTY CASE |
| v. ) | **ORDER** |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment. (Dkt. 153.) The motion is brought in response to the Court's Order denying Petitioner's amended habeas corpus petition. (Dkt. 150.) Petitioner challenges the Court's dismissal of Claims II and III(2) as procedurally barred and the Court's denial of the remainder of Claim III and Claim VIII on the merits.[1] Petitioner also requests an evidentiary hearing.

A motion under Rule 59(e) of the Federal Rules of Criminal Procedure is essentially a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS,*

---

[1] Claim III initially consisted of twelve subclaims alleging various errors by the trial court. In its Order on the procedural status of Petitioner's claims, the Court found that Claim III(10), alleging that the trial court erroneously excused a prospective juror, was properly exhausted but that the other subclaims were procedurally barred. (Dkt. 47.) Thereafter, Claim III referred only to the allegation regarding the excusal of the juror.

*Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner does not cite new evidence or a change in law but simply repeats the arguments offered in previous filings. Because these arguments do not show that the Court committed clear error in any of its prior rulings, the motion must be denied.

**Procedural rulings**

On July 7, 2000, the Court issued an Order addressing the procedural status of Petitioner's habeas claims. (Dkt. 47) The Court also directed the parties to file any motion for reconsideration of the Order within fifteen days. (*Id.* at 34.) Neither party filed a motion for reconsideration.

Petitioner now asks the Court to reconsider its procedural rulings with respect to Claim II, alleging prosecutorial misconduct, and Claim III(2), alleging that the trial court failed to permit impeachment of Det. Saldate. In its procedural status Order, the Court found that these claims were barred because Petitioner did not present a federal constitutional basis for the claims to the Arizona Supreme Court in her petition for review (PR) of the denial of her petition for post-conviction relief. (*Id.* at 10-13, 12-17.) Petitioner again contends that she fairly presented the claims in her PR by reciting the underlying facts and alleging particular constitutional violations. The Court disagrees.

As the Court explained in its previous Order, with respect to Claims II and III(2) the PR did not adequately allege a violation of Petitioner's federal constitutional rights; Petitioner did not cite any provisions of the United States Constitution or any case law engaging in a federal constitutional analysis. Instead, with respect to Claim II, Petitioner argued that the State engaged in misconduct by calling witness Dorothy Markwell in rebuttal without providing notice to the

- 2 -

defense in violation of Arizona Rule of Criminal Procedure 15.1 (PR at 16-18); with respect to Claim III(2), Petitioner contended only that the trial court's exclusion of evidence of Det. Saldate's past misconduct violated Arizona Rules of Evidence 406 and 608(b) (*id.* at 15-16). The PR's general allusions to broad principles such as due process and the right to cross-examine witnesses, unsupported by any citation to appropriate case law, were insufficient to establish exhaustion. *See Fields v. Waddington*, 401 F.3d 1018, 1020-23 (9th Cir. 2005); *Castillo v. McFadden*, 399 F.3d 993, 998-1002 (9th Cir. 2005); *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner is not entitled to reconsideration of the Court's procedural rulings dismissing Claims II and III(2).

**Merits rulings**

Claim III:

Claim III asserted that the trial court denied Petitioner's right to due process and a fair trial when it erroneously struck potential juror Pete Moquino for cause based upon his expressed opposition to the death penalty. The Arizona Supreme Court denied this claim, citing *Adams v. Texas,* 448 U.S. 38, 45 (1980), and finding that it was not improper to dismiss Moquino because his views about the death penalty "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *State v. Milke*, 177 Ariz. 118, 122, 865 P.2d 779, 783 (1993). This Court found that the state court's decision was not based upon an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2) and did not constitute an unreasonable application of clearly established federal law under § 2254(d)(1). (Dkt. 150 at 25-27.)

Petitioner's motion for reconsideration simply repeats the facts surrounding Moquino's excusal and her argument that the excusal violated the principles set forth in *Adams*. The Court was aware of those facts and considered those arguments when it denied Claim III. More significantly, Petitioner's motion fails to address the deferential standard mandated by the

- 3 -

AEDPA when a federal court reviews a state court's factual determinations. Such determinations are presumed to be correct, and Petitioner bears the burden of overcoming that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In its previous Order, the Court found that Petitioner failed to carry that burden with respect to the state court's determination that Moquinos's views on the death penalty would substantially impair his performance as a juror. Petitioner has presented nothing that would alter this Court's decision.

<u>Claim VIII:</u>

Claim VIII asserted that Petitioner was denied effective assistance of counsel on direct appeal in violation of the Sixth Amendment. Specifically, Petitioner contended that counsel was ineffective for failing to raise the claim that her statement to Det. Saldate was involuntary. The trial court rejected this claim when it denied the petition for post-conviction relief (PCR). (ME 11/18/06 at 54-55.) This Court found that the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. 150 at 50-52.)

As the Court previously noted, to succeed on a claim of ineffective assistance of appellate counsel, Petitioner must show that counsel's appellate advocacy fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's deficient performance, Petitioner would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The Court again finds that Petitioner has not made such a showing, notwithstanding the vigor with which she repeats her critique of Det. Saldate's conduct during the interview.

The AEDPA, of course, demands that this Court afford an additional level of deference to the state court's denial of this claim. *See Bell v. Cone*, 535 U.S. 685, 699 (2002). Thus, to be entitled to federal habeas relief on her claim of ineffective assistance of appellate counsel, Petitioner must show that the state court's decision was not only incorrect but "objectively unreasonable." *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam). To support her

- 4 -

argument that the state court's decision was unreasonable, Petitioner erroneously claims that the court's denial of the claim was "based solely on the independent review of the Arizona Supreme Court" and that the court "did not even apply *Strickland* to appellate counsel's performance." (Dkt. 153 at 20-21.) In fact, the state court implicitly applied the second prong of *Strickland* when it found that Petitioner was not prejudiced by counsel's failure to raise the suppression claim because the state supreme court would have considered the issue in its fundamental review process. (ME 11/18/06 at 54.) Moreover, the state court directly applied the first prong of *Strickland* when it discussed and rejected the contention that appellate counsel's failure to raise the suppression issue constituted deficient performance – a discussion in which the court cited Arizona case law explicitly applying *Strickland* to a defendant's appellate ineffective assistance claim. (*Id.*)

This Court again finds that the state court's rejection of this claim was not an unreasonable application of federal law. The state court was well positioned to assess the strength of the suppression issue and thus to evaluate appellate counsel's performance. The court's determination that appellate counsel was not ineffective was not objectively unreasonable under 28 U.S.C. § 2254(d)(1).

**Evidentiary hearing**

Petitioner requests an evidentiary hearing in which she can "fully challenge the trial judge's factual findings, particularly regarding Saldate's credibility." (Dkt. 153 at 23.)

Under the AEDPA, a petitioner who diligently pursued the factual basis of a claim in state court would be entitled to an evidentiary hearing before this Court if (1) she alleged facts that, if proven, would entitle her to relief and (2) she did not receive a full and fair evidentiary hearing in state court.[2] *See, e.g.*, *Perez v. Rosario*, 459 F.3d 943, 954 n.5 (9th Cir. 2006).

Petitioner asserts that she is entitled to an evidentiary hearing here because she was never

---

[2] In its Order granting Petitioner's motion to expand the record, the Court determined that Petitioner acted diligently in pursuing her claims in state court. (Dkt. 130 at 6-7.)

- 5 -

afforded one in state court. Petitioner is incorrect. The trial court held a full and fair hearing on Petitioner's motion to suppress her statement to Det. Saldate. The court made factual findings in denying the motion. (RT 9/11/90 at 33.) Later, both Petitioner and Det. Saldate testified at trial. When Petitioner presented her claims challenging Det. Saldate's conduct and credibility in her PCR petition, therefore, the court had before it the testimony of both Petitioner and Det. Saldate, as well as some 100 additional exhibits presented by PCR counsel. Because the state court afforded Petitioner an adequate opportunity to explore the factual underpinnings of her claims concerning Det. Saldate, she is not entitled to an evidentiary hearing before this Court. With respect to any other claims, Petitioner has failed to alleges facts that, if proved, would entitle her to relief.

Based on the foregoing,

**IT IS HEREBY ORDERED** denying Petitioner's Motion to Alter or Amend Judgment (Dkt. 153).

DATED this 8th day of January, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

- 6 -